**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| BRANDON TOLBERT,<br>    Petitioner, | Case No. 1:15-cv-293 |
| | Black, J. |
| vs. | Wehrman, M.J. |
| WARDEN, WARREN<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the Warren Correctional Institution in Lebanon, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on respondent's motion to dismiss filed September 22, 2015. (Doc. 9).[1] Petitioner has not opposed the motion.

**PROCEDURAL HISTORY**

    **A. State Trial And Direct Appeal**

In July 2011, the Hamilton County, Ohio, grand jury returned an eleven-count indictment charging petitioner with three counts of aggravated burglary in violation of Ohio Rev. Code § 2911.11(A)(2) (Counts 1, 7, 10); five counts of rape in violation of Ohio Rev. Code § 2907.02(A)(2) (Counts 2, 3, 4, 8, 9); one count of attempted rape in violation of Ohio Rev. Code § 2923.02(A) (Count 5); one count of gross sexual imposition in violation of  Ohio Rev. Code § 2907.05(A)(1) (Count 6); and one count of public indecency in violation of Ohio Rev. Code § 2907.09(B)(1) (Count 11). (Doc. 8, Ex. 1).

---

[1] Respondent has separately filed 23 exhibits obtained from the underlying state-court record as support for the motion to dismiss. (*See* Doc. 8).

Petitioner waived his right to a jury trial. (*See id.*, Ex. 6). Following a bench trial, petitioner was convicted of two counts of aggravated burglary (Counts 7, 10), two counts of rape (Counts 8, 9), the attempted rape count (Count 5), and the public indecency count (Count 11). (*Id.*, Ex. 9). Petitioner was acquitted of all other charges. (*Id.*, Ex. 10). Following a sentencing hearing, the trial court issued a final judgment entry on March 30, 2012 sentencing petitioner to an aggregate 30-year prison term.[2] (*Id.*, Ex. 11).

With the assistance of new counsel for appeal purposes, petitioner timely appealed to the Ohio Court of Appeals, First Appellate District. (*Id.*, Ex. 12). In his appellate brief, petitioner presented the following assignments of error:

1. The trial court abused its discretion when it denied exclusion of surprise witness testimony.

2. The trial court abused its discretion when it permitted the testimony of a witness present in the courtroom in violation of a separation order.

3. The trial court erred to the substantial prejudice of Defendant-Appellant when it entered a conviction that was against the manifest weight of the evidence, thereby denying him due process under the federal and state Constitutions.

4. The trial court err[]ed to the substantial prejudice of Defendant-Appellant when it rendered a judg[]ment in the presence of cumulative error.

(*Id.*, Ex. 13).

On August 7, 2013, the Ohio Court of Appeals issued a Judgment Entry overruling petitioner's assignments of error and affirming the trial court's judgment. (*Id.*, Ex. 15). Respondent states that petitioner did not pursue an appeal from that decision to the Ohio Supreme

---

[2] The sentence consisted of consecutive six (6) year terms of imprisonment for the aggravated burglary, rape and attempted rape offenses charged in Counts 5, 7, 8, 9 and 10. (*See* Doc. 8, Ex. 11). Petitioner was "discharged . . . with credit for time served" on the public indecency charge in Count 11. (*Id.*).

2

Court.  (Doc. 9, p. 5, at PAGEID#: 122).

B.  **State Proceedings On Application To Reopen Appeal**

On November 5, 2013, petitioner filed a timely *pro se* application with the Ohio Court of Appeals, First Appellate District, requesting that his appeal be reopened pursuant to Ohio R. App. P. 26(B).  (Doc. 8, Ex. 16).  In the application, petitioner alleged that his appellate counsel was ineffective because counsel had failed to provide him with a requested copy of the trial transcript and filed a "cookie-cutter brief which closely resemble[d] the briefs . . . filed for other appellants with similar sham arguments."  (*Id.*). Petitioner also alleged that his counsel should have presented the following additional claims as assignments of error on direct appeal:

1. Appellant's Constitutional Due Process Right to A Fair Appeal is Denied When The Local Appellate Rules Did Not Allow an Opportunity To Assign His Appellate Issues to A Regular Calendar as Other Ohio Districts Allow.

2. Appellant Was Denied Effective Assistance of Counsel For Counsel's Failure to Request a Continuance – The Favored Method to Avoid a Discovery Violation, Despite Any Acknowledgement of a 911 Call, But Not Limited To.

(*Id.*).

On December 4, 2013, the Ohio Court of Appeals overruled petitioner's reopening application as "not well taken."  (*Id.*, Ex. 17).

Petitioner timely appealed to the Ohio Supreme Court.  (*Id.*, Exs. 18-19).  In his jurisdictional memorandum, petitioner presented as propositions of law the same four claims that had been asserted as assignments of error on direct appeal, as well as the additional claim that he "was denied effective assistance of counsel both at trial and on appeal."  (*See id.*, Ex. 19).  On April 23, 2014, the Ohio Supreme Court declined to accept jurisdiction of the appeal.  (*Id.*, Ex. 20).

3

### C. State Mandamus Proceeding

On December 4, 2014, a year after the Ohio Court of Appeals denied his reopening application and over seven months after the Ohio Supreme Court declined to accept jurisdiction of petitioner's appeal in that matter, petitioner filed a *pro se* complaint against his appellate counsel with the Ohio Supreme Court, requesting the issuance of a writ of mandamus in the form of an order requiring the attorney to provide him with "transcripts and the discovery materials related to [his] trial." (*See* Doc. 8, Ex. 21). In response, petitioner's appellate counsel filed a motion to dismiss on the ground that a writ of mandamus is "available only against a public official or agency," not "a private citizen engaged in the private practice of law." (*Id.*, Ex. 22). On February 18, 2015, the Ohio Supreme Court granted the motion to dismiss and dismissed petitioner's cause of action without opinion. (*Id.*, Ex. 23).

### D. Federal Habeas Corpus Petition

The instant federal habeas action commenced on May 4, 2015. (*See* Doc. 1). However, for statute of limitations purposes, it is presumed that petitioner's habeas petition was filed one day earlier, on May 3, 2015, the date that petitioner claims he placed the *pro se* pleading in the prison mailing system for submission to this Court. (*See id.*, at PAGEID#: 14).[3] In the petition, petitioner alleges the following grounds for relief:

> **Ground One:** Petitioner was denied his substantive due process rights throughout his trial that was permeated with cumulative errors.
>
> **Ground Two:** Petitioner was denied his right to effective assistance of counsel

---

[3] It is well-settled that the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See Houston v. Lack,* 487 U.S. 266 (1988); *see also Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002); *Goins v. Saunders,* 206 F. App'x 497, 499 n.1 (6th Cir. 2006).

4

both at the trial and appeals levels in contravention of the Sixth Amendment of the Constitution of the United States.

(*Id.,* at PAGEID#: 4, 6).

Respondent has filed a motion to dismiss the petition. (Doc. 9). Respondent contends that the petition is subject to dismissal with prejudice because it is barred from review by the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d). (*Id.*, pp. 9-17, at PAGEID#: 126-34). Petitioner has not filed any response to the motion to dismiss.

## II.  RESPONDENT'S MOTION TO DISMISS (DOC. 9) SHOULD BE GRANTED BECAUSE THE PETITION IS TIME-BARRED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

It appears from the record presented that the one-year statute of limitations set forth in 28

U.S.C. § 2244(d)(1)(A) governs the two claims that are asserted as grounds for relief in the instant action.  The alleged errors occurred during the trial and direct appeal proceedings and were either known or discoverable through the exercise of due diligence before the conclusion of direct review.  Indeed, the claim alleged in Ground One was presented as an assignment of error on appeal to the Ohio Court of Appeals *before* petitioner's conviction became final within the meaning of § 2244(d)(1)(A).  Moreover, during the pendency of the direct appeal proceeding and thus *before* petitioner's conviction became final, petitioner was expressly informed by his appellate counsel that he would not be provided with his "own copy of the Transcript of proceedings," but that he could purchase a copy from the court reporter or "have a relative or friend make notes from the transcript at the Clerk of Courts office."  (*See* Doc. 1, Ex. A, at PAGEID#: 15).  Therefore, as respondent has contended in the motion to dismiss (*see* Doc. 9, pp. 9, 13, at PAGEID#: 126, 130), and in the absence of evidence suggesting that another limitations period should apply here, the statute began to run under § 2244(d)(1)(A) when the challenged judgment of conviction and sentence was rendered "final" by the conclusion of direct review or the expiration of time for seeking such review.

In this case, as respondent has recognized (*see* Doc. 9, pp. 9, 13, at PAGEID#: 126, 130), petitioner's conviction became "final" within the meaning of § 2244(d)(1)(A) on September 23, 2013, when the 45-day period expired for filing a timely appeal to the Ohio Supreme Court from the Court of Appeals' August 7, 2013 direct appeal decision.[4]  (*See* Doc. 8, Ex. 15); *see also* Ohio

---

[4] It is noted that the 45-day period actually expired on September 21, 2013, which fell on a Saturday.  Under Ohio S.Ct.Prac.R. 3.03(A)(1), "[i]f the last day of the period is a Saturday, Sunday, or legal holiday, the period runs until the end of the next day that is not a Saturday, Sunday, or legal holiday."  Therefore, the 45-day appeal period extended in this case through the next business day, which fell on Monday September 23, 2013.

6

S.Ct.Prac.R. 6.01(A)(1) & 7.01(A)(1)(a)(i); *Gonzalez v. Thaler*, __ U.S. __, 132 S.Ct. 641, 653-54 (2012) (holding that because the petitioner did not appeal to the State's highest court, his conviction became final under § 2244(d)(1)(A) "when his time for seeking review with the State's highest court expired"). Although petitioner later unsuccessfully sought to reopen the appeal by way of a timely reopening application filed pursuant to Ohio R. App. P. 26(B), the application did not constitute a part of the direct review process for purposes of determining the finality date of petitioner's conviction and sentence. As the Sixth Circuit has held, a "Rule 26(B) application is a collateral matter rather than part of direct review." *See Lopez v. Wilson*, 426 F.3d 339, 352 (6th Cir. 2005) (en banc). Therefore, petitioner's unsuccessful reopening application did not delay the starting date of the § 2244(d)(1)(A) statute of limitations, but rather could only serve to toll an unexpired limitations period under 28 U.S.C. § 2244(d)(2). *See, e.g., Washington v. Warden, Lebanon Corr. Inst.,* No. 1:13cv765, 2014 WL 1884392, at *4 (S.D. Ohio May 9, 2014) (Bowman, M.J.) (Report & Recommendation), *adopted*, 2014 WL 2608200 (S.D. Ohio June 11, 2014) (Barrett, J.); *Taher v. Warden, Warren Corr. Inst.,* No. 1:12cv400, 2013 WL 485789, at *6 n.4 (S.D. Ohio Feb. 6, 2013) (Litkovitz, M.J.) (Report & Recommendation), *adopted*, 2013 WL 811867 (S.D. Ohio Mar. 5, 2013) (Bertelsman, J.); *Freeman v. Warden, Hocking Corr. Facility*, No. 2:10cv35, 2010 WL 5631776, at *2 (S.D. Ohio Dec. 3, 2010) (Abel, J.) (Report & Recommendation), *adopted*, 2011 WL 219664 (S.D. Ohio Jan. 21, 2011) (Frost, J.); *see also Lopez,* 426 F.3d at 345-46 (pointing out the significance of the distinction between direct and collateral review for statute-of-limitations purposes because "[d]irect review delays the start of the limitations period," whereas "[c]ollateral review merely tolls its running"). *Cf. Shinholster v. Morgan*, No. 5:12cv2495, 2013 WL 5234225, at *4, *10 (N.D. Ohio Sept. 13, 2013); *Humes v.*

7

*Warden, Lebanon Corr. Inst.*, No. 1:12cv463, 2013 WL 4256310, at *4 (S.D. Ohio Aug. 14, 2013) (Litkovitz, M.J.) (Report & Recommendation), *adopted*, 2013 WL 4804897 (S.D. Ohio Sept. 9, 2013) (Beckwith, J.).  Accordingly, the undersigned concludes that the statute of limitations commenced running in this case on September 24, 2013, one day after the deadline passed for filing a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' direct appeal decision, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later absent application of statutory or equitable tolling principles.

During the one-year limitations period that began on September 24, 2013, petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review.  *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003).  "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).  Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar.  *Id.*

In this case, during the one-year limitations period, petitioner filed an application with the Ohio Court of Appeals requesting that his appeal be reopened.  The application, which was timely filed on November 5, 2013, constituted a "properly filed" state collateral-review application within the meaning of § 2244(d)(2) and thus served to toll the limitations period while it was pending before the state courts.  *See Ferguson v. Shewalter*, No. 1:10cv496, 2011 WL 2711415, at *3 (N.D. Ohio Apr. 26, 2011) (Report & Recommendation) ("A Rule 26(B) application to

8

reopen is a collateral matter that, if properly filed, will toll the statute of limitations."), *adopted*, 2011 WL 2711393 (N.D. Ohio July 13, 2011); *Pianowski v. Warden, Ohio State Penitentiary*, No. 3:09cv185, 2009 WL 5947133, at *1 (S.D. Ohio Oct. 29, 2009) (Merz, M.J.) (Report & Recommendation) (recognizing that a "properly filed" Rule 26(B) reopening application tolls the statute of limitations while holding that an untimely application is not "properly filed" within the meaning of § 2244(d)(2)), *adopted*, 2010 WL 749653 (S.D. Ohio Mar. 1, 2010) (Rice, J.). *Cf. Jones v. Lazaroff*, No. 5:14cv1231, 2015 WL 1471361, at *1, *7 (N.D. Ohio Mar. 31, 2015); *Washington, supra,* 2014 WL 1884392, at *4; *Cunningham v. Kelly*, No. 3:13cv372, 2014 WL 4103927, at *1, *5 (N.D. Ohio Aug. 12, 2014); *Freeman, supra,* 2010 WL 5631776, at *2. Therefore, the statute of limitations, which commenced running on September 24, 2013, ran for 41 days and then was tolled from November 5, 2013 (the date petitioner filed his reopening application with the Ohio Court of Appeals) through April 23, 2014, when the Ohio Supreme Court issued the final entry affirming the Court of Appeals' December 4, 2013 decision to deny petitioner's application.[5] The statute of limitations began to run again on April 24, 2014, and expired 324 days later on or about March 16, 2015 absent any further tolling of the limitations period.[6]

---

[5] In *Lawrence v. Florida,* 549 U.S. 327, 333-34 (2007), the Supreme Court made it clear that in contrast to the provision set forth in 28 U.S.C. § 2244(d)(1)(A) for determining the finality of a state conviction, tolling under § 2244(d)(2) does *not* include the time for seeking review in the United States Supreme Court through a petition for certiorari.

[6] The remaining 324-day limitations period actually expired on March 14, 2015, which fell on a Saturday. Therefore, the undersigned assumes that the period was extended to include the next business day of Monday, March 16, 2015.

9

Petitioner filed a mandamus petition with the Ohio Supreme Court in December 2014 before the statute of limitations had run its course. However, the mandamus petition did not toll the limitations period while it was pending before the state court because it did not qualify under § 2244(d)(2) as an application seeking collateral review of the judgment of conviction and sentence that resulted in petitioner's imprisonment. As one court within this District recently explained in rejecting the argument that a motion for grand jury transcripts served to toll the habeas statute of limitations:

> "Not every filing by a criminal defendant meant to advance his challenge to a judgment of conviction amounts to an application for . . . collateral review of the judgment or claim." *Witkowski v. Vasbinder,* No. 04–CV–74232–DT, 2006 WL 618891, at *4 (E.D.Mich.Mar.9, 2006) (unpublished) (quoting *Rodriguez v. Spencer*, 412 F.3d 29, 36 (1st Cir.2005), *cert. denied*, [546] U.S. [1142], 126 S.Ct. 1151, 163 L.Ed.2d 1007 (2006)). As a general rule, a "filing that purports to be an application for State post-conviction or other collateral review with respect to a pertinent judgment or claim must set forth the grounds on which it is based, must state the relief desired, and must collaterally attack the relevant conviction or sentence." *Id.* (citing *Sibley v. Culliver*, 377 F.3d 1196, 1200 (11th Cir.2004), in turn citing *Voravongsa v. Wall*, 349 F.3d 1, 6 (1st Cir. 2003), *cert. denied*, 541 U.S. 963, 124 S.Ct. 1724, 158 L.Ed.2d 407 (2004)). . . . In other words, the application must seek "review" of the "judgment pursuant to which [the petitioner] is incarcerated" to trigger the applicability of § 2244(d)(2)'s tolling provision. *Id.*; *see also Moore v. Cain,* 298 F.3d 361, 366–67 (5th Cir.2002), *cert. denied*, 537 U.S. 1236, 123 S.Ct. 1360, 155 L.Ed.2d 202 (2003); *Branham v. Ignacio,* 83 Fed.Appx. 208, 209 (9th Cir.Dec.11, 2003) (not published in Federal Reporter), *cert denied*, 541 U.S. 1077, 124 S.Ct. 2423, 158 L.Ed.2d 990 (2004); *Johnson v. Lewis,* 310 F.Supp.2d 1121, 1125 (C.D.Cal.2004).
>
> *. . . [C]ourts have refused to extend the tolling provision set forth in 28 U.S.C. § 2244(d)(2) to mandamus petitions seeking to have a state court take action on a matter*, *Moore,* 298 F.3d at 366–67; *Webb v. Cason*, No. 02–CV–72788–DT, 2003 WL 21355910, at *4 (E.D.Mich. May 30, 2003) (unpublished), *aff'd,*115 Fed.Appx. 313 (6th Cir.Dec.17, 2004) (not published in Federal Reporter), *cert. denied*, [545] U.S. [1120], 125 S.Ct. 2919, 162 L.Ed.2d 305 (2005); petitions for executive clemency under state law, *Malcolm v. Payne*, 281 F.3d 951 (9th Cir.2002); *motions for evidentiary materials and transcripts filed with the court*, *Lloyd v. VanNatta*, 296 F.3d 630 (7th Cir.2002), *cert. denied*, 537 U.S. 1121, 123

>S.Ct. 856, 154 L.Ed.2d 802 (2003); *Hodge v. Greiner*, 269 F.3d 104, 107 (2nd Cir.2001); motions for appointment of counsel, *Voravongsa*, 349 F.3d at 6–7; and motions to correct the record, *Witkowski, supra*, 2006 WL 618891, at *4.

*Harper v. Warden, Belmont Corr. Inst.*, No. 2:14cv1220, 2015 WL 3867262, at *9-10 (S.D. Ohio June 23, 2015) (Kemp, M.J.) (quoting *Fleming v. Lazaroff*, No. C-1-05-513, 2006 WL 1804546, at *3–4 (S.D. Ohio June 28, 2006) (Weber, J.; Black M.J.), wherein this Court concluded that the statute of limitations was not tolled under § 2244(d)(2) while the petitioner's motions for judicial release were pending before the state courts because the motions "did not seek collateral review of the underlying judgment or sentence that resulted in petitioner's incarceration") (emphasis added), *adopted*, 2015 WL 4538566 (S.D. Ohio July 27, 2015) (Frost, J.), *appeal filed*, No. 15-3958 (6th Cir. Sept. 2, 2015).

Here, as in other analogous cases where the courts rejected the argument that a state mandamus petition tolls the habeas statute of limitations, petitioner's complaint seeking the issuance of a writ of mandamus against his appellate counsel did not amount to an application for collateral review of his underlying conviction and sentence. Instead, petitioner merely asked that his appellate counsel be directed to provide him with copies of transcripts and discovery materials from his state criminal trial. Therefore, as in the other cases, petitioner's petition for state mandamus relief does not trigger application of the statutory tolling provision set forth in § 2244(d)(2) to further extend the limitations period beyond the deadline date of March 16, 2015. *Cf. Moore*, 298 F.3d at 363, 366-67 (involving a mandamus petition seeking a directive that the trial court rule on an application for post-conviction relief); *Charleston v. Quarterman*, 243 F. App'x 859, 860 (5th Cir. 2007) (per curiam) (involving a mandamus petition seeking an order compelling the trial court to rule on a pending discovery motion); *Branham*, 83 F. App'x at 209

11

(involving a mandamus petition seeking an order to compel the petitioner's trial counsel to turn over his case file); *Garner v. Gansheimer*, No. 1:09cv874, 2010 WL 547482, at *1, *6, *12-13 (N.D. Ohio Feb. 10, 2010) (involving, among other things, a mandamus petition seeking an order to compel the state appellate court to accept the petitioner's supplemental assignments of error); *Webb, supra*, 2003 WL 21355910, at *4 (involving a "complaint for superintending control" that "did not actually attack Petitioner's conviction, but only sought an order to compel the trial court to file and adjudicate Petitioner's state post-conviction motion"). Because petitioner commenced the instant action in May 2015, after the statute of limitations had run its course, his habeas petition is time-barred unless equitable tolling principles apply to excuse the procedural bar to review.

    The AEDPA's statute of limitations is subject to equitable tolling, *see Holland v. Florida,* 560 U.S. 631, 645 (2010), "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th

Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

In this case, no showing has been made that petitioner has been diligently pursuing his rights in the state courts or that an "extraordinary circumstance" prevented him from filing a timely habeas petition before the expiration of the limitations period on March 16, 2015.

Finally, petitioner has neither argued nor otherwise demonstrated that the procedural bar to review should be excused based on a colorable showing of actual innocence. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence.'" *McQuiggin v. Perkins*, __ U.S. __, 133 S.Ct. 1924, 1935 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). No such showing has been made in this case.

Accordingly, in sum, the undersigned concludes that the instant federal habeas corpus petition is barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254. Under the applicable provision set forth in 28 U.S.C. § 2244(d)(1)(A), the statute began to run on September 24, 2013, one day after petitioner's conviction became final by the conclusion or direct review or expiration of time for seeking such review. After taking into account the tolling of the statute under § 2244(d)(2) while petitioner's timely application for reopening of the direct appeal was pending from November 5, 2013 through April 23, 2014 before the state courts, the limitations period expired on March 16, 2015. Neither equitable tolling nor additional statutory tolling principles apply to further extend the limitations period or otherwise avoid the statute of limitations bar to review in this case.

Therefore, respondent's motion to dismiss (Doc. 9) should be **GRANTED** on the ground that the petitioner's habeas corpus petition, filed on May 3, 2015 over a month and a half after the statute of limitations had run its course, is time-barred.

### IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 9) be **GRANTED**, and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice on the ground that the petition is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded is barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in Slack v. *McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[7]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  See Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:  12/28/2015                             s/ J. Gregory Wehrman
                                              J. Gregory Wehrman
                                              United States Magistrate Judge

---

[7] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief.  See *Slack,* 529 U.S. at 484.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRANDON TOLBERT,
    Petitioner,

vs

WARDEN, WARREN
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:15-cv-293

Black, J.
Wehrman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc